### THE CINCINNATI STREET RAILWAY COMPANY V. ADALINE KELSEY.

1. STREET CAR JUMPING TRACK AT CURVE—PRESUMPTION OF NEGLIGENCE WHERE A HIGH DEGREE OF CARE AND SKILL IS USED AT TIME OF ACCIDENT.

In an action against a street railway company for the recovery of damages for a personal injury to a passenger, caused by an electric car jumping from the track, if it appears that the injury was not caused by any fault of the plaintiff, and there is no explanation for the escape of the car from the track, and nothing shown that it was inevitable or unavoidable, the jury will be justified in presuming that there was some negligence on the part of the railway company, notwithstanding it and its agents, at the time of the accident, were using a high degree of care and skill.

2. SETTING ASIDE AN EXCESSIVE VERDICT.

A verdict will not be set aside for excessiveness, unless clearly shown to be excessive from prejudice or passion.

ERROR to Hamilton common pleas.

SWING, J.

The plaintiff's action in the court of common pleas was for damages for an injury received by her while riding in defendant's cars. In that court she recovered a judgment, and this action is prosecuted in this court to reverse this judgment.

The main points relied on for reversal are that the court erred in its charge to the jury, and that the verdict was excessive.

We see no reason to question any portion of the charge except the following:

"But if you find that that injury was not caused by any fault of plaintiff, and that she was a passenger on the car, and after giving full consideration to all of the evidence which has been offered, there is no explanation for the escape of the car from the track, and nothing shown that it was inevitable and unavoidable, notwithstanding the use of a high degree of care and skill on the part of the defendant and its agents, then you are authorized to presume that there was some negligence on the part of the defendant to cause the car to go out of its usual way and run in an irregular manner off the rails of the track against the telegraph pole."

Judge BOYNTON, in the case of *Railroad Co.* v. *Mowry*, in the 26th O. S., at p. 442, says: "Whether a presumption of negligence arises in all cases against a railroad company from the mere fact that an accident has occurred from which a passenger receives an injury while being carried over the road of the company, is a question not arising in the present case, and, therefore, is not determined; but when an injury results to a passenger from a collision of the trains of a company, we have no doubt that a *prima facie* presumption of negligence arises against the company, and that unless the company relieves itself from liability by showing that the injury did not result from its carelessness or by showing contributory negligence upon the part of the passenger, judgment should be rendered against it."

In the 18th N. Y., at page 536, the court say: "The carrier, however, is in all cases bound to provide a safe and secure carriage for the transportation of the passengers, and nothing can exempt him from this responsibility but the existence of some latent defect which no reasonable degree of human skill and foresight could guard against; and this obligation extends to any species of appliances belonging to the carrier and used by him in the business in which he is engaged; consequently, whenever it appears that the accident occurred through some defect in the vehicle or other apparatus used by the carrier, a strong presumption of negligence arises, founded upon the improbability of the existence of any defect which extreme vigilance, aided by science and skill, could not have detected."

There was really no dispute as to the facts in this case. No defects were shown to exist in the cars used by the company. It was claimed by it that the cars were of the best known equipment. There was no question raised as to the construction of the road, unless it might have been thought that the turn in the track at the bottom of the hill was so sharp as to be negligence in the construction of the road. But it was not questioned but what the accident occurred from the great rapidity with which the cars descended the grade. It certainly was a negligent rate of speed. There was no evidence tending to show that any ulterior force was used to produce this result; everything was under the entire control of the railroad company; cars had recently passed over this road in safety and without having attained any undue rate of speed, and we think it beyond question that the accident must have resulted from either a defect in the construction of the road and its appliances, or else from a want of skill in the operation of the car.

If, from either of these causes the company would be liable, it seems to us that under the facts of this case, the court was justified in charging the jury as it did.

If the fact that there is a collision on a railroad raises a presumption of negligence on the part of the company, it seems to us that in this case, where the company had full control of its cars and track from any outside interference, and the car is overturned by reason of its running at such a high rate of speed that it could not keep on the track, a presumption arises, in the absence of proof to the contrary, that the company was in some way negligent in permitting the car to go at so high a rate of speed. And the fact that the court added the statement that the jury might so find, even if the company used a high degree of care, does not make the charge above referred to erroneous. The obligation resting on the company is not fulfilled by using a high degree of care. It is bound to use the highest degree of care known to and used by prudent persons engaged in the same pursuit.

It is claimed that the damages recovered are excessive. This question was one for the jury and the verdict should not be disturbed unless clearly shown to be excessive or unsound from prejudice or passion. We find nothing in the record to warrant us in believing that either of these affected the jury, and we cannot say that it was excessive.

The judgment is therefore affirmed.

*Paxton, Warrington & Boutet*, for the Plaintiff in Error.

*Edmund K. Stallo, contra.*